**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**GARY HOLT**                                                                                                        **PLAINTIFF**

**V.**                          **CASE NO. 4:20-CV-00410 JM-JTK**

**COMMISSIONER,
SOCIAL SECURITY ADMINSTRATION**                                              **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.   Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to District Judge James M. Moody, Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.   Introduction:**

Plaintiff, Gary Holt ("Holt"), applied for supplemental security income benefits on February 4, 2016, alleging disability beginning on September 2, 2010. (Tr at 17). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 25). Pursuant to an order from the District Court, the Appeals Council remanded the case with instructions for the ALJ to further consider and discuss the record. (Tr. at 451, 492).

After conducting a hearing, a second ALJ denied Holt's claim for benefits. (Tr. at 459). Holt did not file exceptions with the Appeals Council, so the ALJ's decision, dated February 13,

2020, now stands as the final decision of the Commissioner. Holt has requested judicial review.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

**III.   The Commissioner's Decision:**

The ALJ found that Holt had not engaged in substantial gainful activity since the application date of February 4, 2016 (the application date is the first day of the relevant time-period for supplemental security income cases). (Tr. at 453). The ALJ found, at Step Two of the sequential five-step analysis, that Holt had the following severe impairments: lumbar degenerative disc disease (mild), right shoulder bursitis and rotator cuff tendonitis, bursitis of the hips, arthritis of the knee and right hand, and left middle trigger finger. *Id*.

At Step Three, the ALJ determined that Holt's impairments did not meet or equal a listed impairment. (Tr. at 454). Before proceeding to Step Four, the ALJ determined that Holt had the residual functional capacity ("RFC") to perform light work. *Id*. However, he could only occasionally climb ramps and stairs, occasionally balance, kneel, crouch, and crawl, and occasionally reach overhead or be exposed to extreme cold and vibration. *Id*. He could frequently handle. *Id*. He could never climb ladders, ropes, or scaffolds, and he could never be exposed to unprotected heights. *Id.*

Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that Holt was capable of performing past relevant work as a sales representative. (Tr. at 458). Therefore, the ALJ found that Holt was not disabled. *Id*.

**IV.   Discussion:**

   A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence"

<a>
</a>

in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B.   Holt's Arguments on Appeal

Holt argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ failed to properly consider the opinions of two treating providers.

Holt had musculoskeletal problems that were confirmed by generally mild objective testing such as x-rays and MRI. (Tr. at 433, 454-458, 757). In clinic, physical examinations were mostly normal with full range of motion in the knee and shoulder and no tenderness in the cervical or lumbar spine. (Tr. at 307, 413, 416, 422, 426, 440-458, 632, 728-731, 750-751, 756-757). Indeed, in October 2019, cervical and lumbar exams were normal, and straight-leg raises were negative. (Tr. at 748-750). Normal clinical findings may support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Holt testified to moderate pain, but he admitted he did not take pain medications, and treated conservatively with Icy Hot, oral steroids, and steroid injections. (Tr. at 455-458, 473-480). The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). He said that injections helped his shoulder, and that physical therapy helped a little bit. (Tr. at 473-480, 737-738). He was encouraged to exercise. (Tr. at 670). Surgery was not recommended for

3

any of his ailments.

Moreover, Holt said he could do things like drive a car, shop for groceries, take out the trash, take care of his dog, and mow the lawn. (Tr. at 200-206, 457, 470-480). Such daily activities undermine his claims of disability, which the ALJ noted. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995)

The medical evidence did not support more restrictions than the RFC assigned, but two providers opined that Holt was quite limited. With few medical records pertaining to the affected areas in evidence, it makes sense than the ALJ did not give great weight to the two opinions. Terry Brown, D.O., issued a one-page opinion in 2013, three years before the relevant time-period, stating that Holt was "very limited," but he did not give specific function-by-function assessments, or refer to any clinical examinations. (Tr. at 766). Because the opinion was short with little detail and predated the relevant time-period, the ALJ properly gave Dr. Brown's opinion little weight. (Tr. at 457). *See Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011) (recognizing that a treating physician's opinion may be discounted and that the record as a whole must be evaluated); *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012) (a conclusory checkbox form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration).

Although Holt argues in his brief that the ALJ did not apply the proper regulation about treating medical opinions, there is no support for that argument. The regulation change in March 2017 did not alter the ALJ's duty: an ALJ must follow the standard practice for evaluating the provider's opinion against the record as a whole, and can discount the opinion partially or in its entirety if it is inconsistent internally or with other evidence. *See Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000).

4

The ALJ also properly found the opinion of physical therapist Lashelle Gordon, issued in May 2016, to be partially persuasive. (Tr. at 395-405, 457). She said that Holt could perform light exertional work and his impairment could be managed by conservative means. (Tr. at 395-405). As well, Holt said physical therapy helped to some degree. (Tr. at 473-480). Ms. Gordon's opinion was assessed in conjunction with the medical evidence as a whole, and the ALJ properly characterized it. Assuming arguendo that the ALJ committed some error in the weight given to the medical opinions, Holt bears the burden of proving that absent the error, the ALJ would have decided the case differently. Neither opinion conclusively points to disability or gives the Court reason to upend the ALJ's decision. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012)(to show than any error was not harmless, Plaintiff must provide some indication that the ALJ would have decided differently absent the error).

## V. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly analyzed and discussed the medical opinions. The finding that Holt was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 6th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE